conviction overturned once); *Ex parte Bush,* 695 So. 2d 138 (Ala. 1997) (16 years; conviction overturned twice); *State* v. *Smith,* 280 Mont. 158, 931 P. 2d 1272 (1996) (13 years; sentence overturned once); *People* v. *Massie,* 19 Cal. 4th 550, 967 P. 2d 29 (1998) (16 years; sentence overturned once). Neither the opinions in these four cases, nor those in any other of the lower court cases that I have found, discuss the potential significance of that state responsibility at any length. Thus, although the experiment may have begun, it is hardly evident that we "should consider the experiment concluded." *Ante,* at 993.

Finally, the constitutional issue, even if limited to delays of close to 20 years or more, has considerable practical importance. Available statistics indicate that as of two years ago, December 1997, 24 prisoners sentenced to death had been on death row for more than 20 years. At that time 125 prisoners on death row had been sentenced in or before 1980 and therefore may now fall within the relevant category. U. S. Dept. of Justice, Bureau of Justice Statistics Bulletin, Capital Punishment 1997, p. 13 (Dec. 1998). Given these figures and the nature of the question, despite the absence of a division among the lower federal courts, this Court should consider the issue.

I would grant the petitions for certiorari in these two cases.

No. 99–5258. STOJETZ *v.* OHIO. Sup. Ct. Ohio. Motion of petitioner to strike the brief in opposition denied. Certiorari denied.

No. 98–1937. VEY *v.* RIDGE, GOVERNOR OF PENNSYLVANIA, ET AL., *ante,* p. 818;

No. 98–8777. CHESTER *v.* LOUISIANA, *ante,* p. 826;

No. 98–9336. MCBROOM *v.* TECHNEGLAS, INC., *ante,* p. 832;

No. 98–9550. LOMAX *v.* BOWERSOX, SUPERINTENDENT, POTOSI CORRECTIONAL CENTER, *ante,* p. 839;

No. 98–9582. TERIO *v.* KURTZMAN & HASPEL, TRUSTEE, ET AL., *ante,* p. 840;

No. 98–9633. WASHINGTON *v.* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, *ante,* p. 843;

No. 98–9715. BRAUN *v.* FLOWERS, WARDEN, ET AL., *ante,* p. 849;

No. 98–9889. KING *v.* LOVE ET AL., *ante,* p. 858;

No. 99–5026. WRONKE v. MADIGAN, SHERIFF, CHAMPAIGN COUNTY, ILLINOIS, *ante*, p. 881; and

No. 99–5475. BANE v. ROBINSON ET AL., *ante*, p. 906. Petitions for rehearing denied.

NOVEMBER 9, 1999

No. 99A393. BOWERSOX, SUPERINTENDENT, POTOSI CORRECTIONAL CENTER v. CHAMBERS. Application to vacate stay of execution of sentence of death entered by the United States Court of Appeals for the Eighth Circuit on November 5, 1999, presented to JUSTICE THOMAS, and by him referred to the Court, denied.

No. 99–6840 (99A363). ROYAL v. TAYLOR, WARDEN. C. A. 4th Cir. Application for stay of execution of sentence of death, presented to THE CHIEF JUSTICE, and by him referred to the Court, denied. Certiorari denied. JUSTICE STEVENS and JUSTICE GINSBURG would grant the application for stay of execution. ▪

NOVEMBER 12, 1999

No. 99A359. RENO, ATTORNEY GENERAL, ET AL. v. KIM HO MA. D. C. W. D. Wash. Application for stay, presented to JUSTICE O'CONNOR, and by her referred to the Court, denied.

NOVEMBER 15, 1999

No. 99M15. POWELL v. POWELL ET AL.; and

No. 99M24. TARVER v. HALEY, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS. Motions of petitioners for reconsideration of order denying motions to direct the Clerk to file petitions for writs of certiorari out of time [*ante*, pp. 802–803] denied.

No. 99M42. RICKARD v. SANCHEZ ET AL. Motion for leave to proceed *in forma pauperis* without an affidavit of indigency executed by petitioner denied.